# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ALLIANTGROUP, LP, | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-1084 |
| | § | |
| AXIOM CUSTOM BUSINESS | § | |
| SOLUTIONS, INC. *et al.*, | § | |
|     *Defendants*. | § | |

## ORDER

Before the court is a joint motion by the defendants to compel the plaintiff, Alliantgroup, LP,[1] to respond to various discovery requests (Dkt. 20), under Federal Rule of Civil Procedure 37(a). Defendants Axiom Custom Business Solutions, Inc., Axiom Custom Business Solutions, LLLP (collectively "Axiom"),[2] and Larry Nealy have served interrogatories and requests for production ("RFP") on Alliantgroup, and maintain that Alliantgroup has not adequately responded. This motion has been referred to this court for disposition. For the following reasons, the motion to compel is granted in part and denied in part.

---

[1] The plaintiff appears to go by the name "alliantgroup." For the sake of consistency and clarity, the court will employ the traditional capitalization of proper names and refer to the plaintiff as "Alliantgroup."

[2] When necessary, the court will distinguish between the two Axiom entities as "Axiom, Inc." and "Axiom, LLLP."

Alliantgroup has filed suit against Axiom and Nealy alleging they misappropriated its trade secrets. Defendant Nealy was a partner in Vantage Advisory Partners, LP, which provided marketing services on behalf of Alliantgroup, a company that provides services related to research and development tax credits. Vantage and Alliantgroup entered into a partnership and formed an entity known as Alliantgroup USA. In 2005, Nealy left Vantage and went to work for Axiom, a former client of Alliantgroup. Axiom also provides research and development tax credit services. Alliantgroup alleges that Nealy took with him its trade secrets and has used them in connection with his employment at Axiom. Nealy has filed a counterclaim against Alliantgroup, asserting it did not compensate Vantage for services provided while he was there.

Alliantgroup originally objected to almost all interrogatories and RFPs propounded by Axiom and Nealy on grounds that the information requested was overly broad, not relevant, confidential, and proprietary. The parties entered into a confidentiality agreement, which was signed by the District Court on December 16, 2005.[3] Thereafter Alliantgroup filed an amended response to the discovery requests, and maintains this now complies with most of the requests. Alliantgroup has not

---

[3] *See* Dkt. 23.

responded to, and still specifically objects to, Nealy Interrogatories 8 through 13 and RFPs 5 through 12, *i.e.*, those discovery requests dealing with Nealy's counterclaims.

The defendants argue that they are entitled to more adequate responses covering three topics: (1) the specific trade secrets allegedly misappropriated by the defendants;[4] (2) the methodology and documents supporting Alliantgroup's damages;[5] and (3) the discovery requests pertaining to Nealy's counterclaims.[6]

With respect to trade secret discovery, Alliantgroup has sufficiently identified six categories of purported trade secrets at issue, and has adequately responded to Nealy Interrogatories 1 and 2, Axiom, Inc. Interrogatories 1, 3 through 9, and Axiom, LLLP Interrogatories 1 and 2. Alliantgroup's reponse to Axiom RFP 1 is not particularly informative, but then this request is too blunderbuss[7] to expect any more of a response than Alliantgroup gave it. However, the court agrees that Alliantgroup has insufficiently responded to other more specific document requests pertaining to

---

[4] Axiom, Inc. Interrogatories 1 through 9 and RFPs 1 through 4; Axiom LLLP Interrogatories 1 and 2 and RFPs 1 through 4; and Nealy RFP 1.

[5] Axiom, Inc. Interrogatory 11 and RFP 7; Axiom, LLLP Interrogatory 4 and RFP 7; and Nealy Interrogatory 6 and RFP 4.

[6] Nealy Interrogatories 8 through 13 and RFPs 5 through 12.

[7] Axiom RFP 1 reads in its entirety: "Produce all documents requested in the foregoing interrogatories or identified, referred to, or used by you in preparation of your responses to the above interrogatories."

its trade secrets, and so will order Alliantgroup to provide more complete responses to the following:

- Axiom Inc. Interrogatory 2.
- Axiom RFPs 2 through 4.
- Nealy RFP 1.

Turning to damages, Alliantgroup maintains that it is unable to calculate damages because "the full extent of Defendants' wrongful conduct is not known at this time."[8] It states, however, that such damages "are believed to exceed $200,000."[9] Alliantgroup's position is untenable. While Alliantgroup may not be able to specify all damages it may be entitled to, that does not preclude specification of at least some of the components of those damages, as well as the calculations supporting the $200,000.00 figure. Accordingly, Alliantgroup will fully respond to those interrogatories and RFPs relating to damages.

Lastly considered are those discovery requests related to Nealy's counterclaims. Alliantgroup objects to these as not relevant and as an invasion of privacy of third parties, stating that Nealy's requests "seek a large variety of customer

---

[8] Dkt. 28.

[9] Dkt. Nos. 26, 28 (response to Axiom Inc. Interrogatory 11; Axiom LLLP Interrogatory 4; Nealy Interrogatory 6).

information and financial documents from [A]lliantgroup and from other entities that are not parties to this suit."[10]

Nealy's counterclaims against Alliantgroup are: (1) intentional interference with his contractual relations with Vantage, based on the allegation that Alliantgroup intentionally and improperly caused payments owed to Vantage under the Alliantgroup USA partnership agreement to be withheld from Vantage, thereby preventing Vantage from compensating Nealy for his work; (2) civil conspiracy based on the allegation that Alliantgroup conspired with Nealy's former Vantage partners, Messrs. Elias and Pluckhan, to injure Nealy; and (3) unjust enrichment, premised on Nealy conferring a substantial economic benefit on Alliantgroup for which he has not been compensated.

After reviewing Nealy Interrogatories 8 through 13, and RFPs 5 through 12, the court agrees that some of this discovery is not reasonably calculated to lead to the discovery of admissible evidence. *See* FED. R. CIV. P. 26(b). Two of these, Interrogatory 8 and RFP 5, request Alliantgroup to identify all clients and produce all documents of clients under audit by the Internal Revenue Service. There does not appear to be any relationship between this information and any compensation that Alliantgroup may owe to Vantage or any damages that Nealy suffered as a result of

---

[10] Dkt. 28.

Alliantgroup's purported conspiracy with Vantage's other partners. Thus, the court will sustain Alliantgroup's objection to Interrogatory 8 and RFP 5.

The court also finds that Interrogatories 11 and 12 are not relevant to Nealy's counterclaims and will sustain the objections to those as well. These interrogatories seek all clients of Alliantgroup since the inception of Alliantgroup USA. As explained further below, Nealy may have an interest in the business transactions of Alliantgroup USA, but this does not justify broad-based discovery into the business transactions of Alliantgroup. For the same reason, the court will sustain Alliantgroup's objection to Nealy RFP 9.

On the other hand, Alliantgroup USA's finances do have relevance to Nealy's counterclaims. The remaining interrogatories and RFPs (Nealy Interrogatories 9, 10, 13, and RFPs 6-8, and 10-12) may lead to the discovery of information related to compensation that Alliantgroup owes to Vantage, and by extension Nealy, or to the amount of damages that Nealy suffered as a result of Alliantgroup's alleged torts. These requests do not seek all of Alliantgroup's business records since its inception; rather, they seek the more limited business records of Alliantgroup USA. And while Alliantgroup appears to suggest that this would be an unwieldy amount of information, it does not specify the volume of customers or transactions involved, or estimate how many man-hours it would take to compile this information. Finally,

although Alliantgroup USA is not a party to this litigation, Alliantgroup has not disputed that it is the successor-in-interest to that company, which is apparently now defunct. Alliantgroup accordingly has custody or control over the information at issue. Therefore, the court will overrule the objections to these requests.

Accordingly, Alliantgroup is ordered to respond to the following discovery requests on or before March 17, 2006:

- Axiom Inc. Interrogatories 2 and 11; RFPs 2-4, 7.
- Axiom LLLP Interrogatory 4; RFPs 2-4, 7.
- Nealy Interrogatories 6, 9, 10, 13; RFPs 1, 4, 6-8, 10-12.

All further requested relief is denied.

Signed on March 6, 2006, at Houston, Texas.

_____
Stephen Wm Smith
United States Magistrate Judge